566 So.2d 267 (1990)
Mary SABO, Appellant,
v.
SHAMROCK COMMUNICATIONS, INC., et al., Appellees.
No. 89-388.
District Court of Appeal of Florida, Fifth District.
May 31, 1990.
On Motion for Rehearing and Certification September 13, 1990.
Ava Tunstall and William E. Lawton, of Dean, Ringers, Morgan & Lawton, Orlando, for appellant.
Robert J. Jack, and Michael R. Willis, of Smalbein, Johnson, Rosier, Bussey, Rooney & Ebbets, P.A., Orlando, for appellee Peoples Restaurants, Inc.
No appearance for appellee Shamrock Communications, Inc.
W. SHARP, Judge.
Sabo appeals from a final summary judgment denying her recovery against Peoples Restaurants, Inc., in a personal injury case. Sabo suffered injuries in an automobile accident caused by Daniel Hoag, an intoxicated driver. Hoag had just left Peoples bar, where he had consumed a large number of alcoholic beverages. We think the record creates material issues of fact as to whether Peoples knowingly served Hoag sufficient alcoholic drinks to render him intoxicated, with the knowledge that Hoag was habitually addicted to the use of alcoholic beverages, as required by section 768.125, Florida Statutes (1983). Accordingly, we reverse the summary judgment entered in Peoples' favor.
Section 768.125, Florida Statutes (1983) provides:
A person who sells or furnishes alcoholic beverages to a person of lawful *268 drinking age shall not thereby become liable for injury or damage caused by or resulting from the intoxication of such person, except that a person who willfully and unlawfully sells or furnishes alcoholic beverages to a person who is not of lawful drinking age or who knowingly serves a person habitually addicted to the use of any or all alcoholic beverages may become liable for injury or damage caused by or resulting from the intoxication of such minor or person. (emphasis supplied)
The issue in this case is whether the knowledge required by section 768.125, Florida Statutes (1983), to establish liability on the part of a bar establishment can be proved by circumstantial evidence, and whether the record in this case establishes a jury question as to whether Hoag was habitually addicted to alcohol at the time of the accident. This is a case of first impression with regard to the application of section 768.125 to establish liability on the part of a seller of alcoholic beverages for damages caused by an intoxicated adult.
Peoples argues that because of the slightly different wording used with regard to an adult ("knowingly serves") as opposed to a minor ("willfully and unlawfully sells or furnishes") that a plaintiff such as Sabo must allege and prove direct evidence that the bar employee(s) knew the adult was habitually addicted to alcohol when he or she was served. Presumably this would require that a customer expressly declare he or she is an alcoholic, or the furnishing of such a statement to the bar establishment by the customer's doctor or family. This interpretation does not appear to us as warranted by the language of the statute. See Pritchard v. Jax Liquors, Inc., 499 So.2d 926 (Fla. 1st DCA 1986), rev. denied, 511 So.2d 298 (Fla. 1987).
Further, such an interpretation would lead to so restricted an application as to make that portion of section 768.125 dealing with liability for adult customers virtually meaningless.[1] Clearly it is a rare case in which a person with a habitual drinking problem announces as he or she enters a bar, "I'm an alcoholic." The converse is much more likely: alcoholics deny they have a drinking problem. Statutes should not be given an interpretation that would render them pointless.[2]
As is true with an adult alcoholic, a minor attempting to purchase alcoholic beverages illegally will normally not, up-front, announce his age to the seller. Nor would it be likely for a minor to attempt to buy liquor from a person who actually knows his or her age. Such an interpretation requiring direct proof that the furnisher or seller knew the minor's age would render that portion of the statute virtually meaningless. No court has required such proof for liability for minors. See, e.g., Willis v. Strickland, 436 So.2d 1011 (Fla. 5th DCA 1983), rev. denied, 446 So.2d 99 (Fla. 1984); Gorman v. Albertson's, Inc., 519 So.2d 1119 (Fla. 2d DCA 1988); French v. City of West Palm Beach, 513 So.2d 1356 (Fla. 4th DCA 1987). We can conceive of no policy reason for treating the proof of knowledge required by section 768.125 for sales to adults differently than for sales to minors.
The record in this case must thus be read to see if there is sufficient circumstantial evidence which would support a jury's determination that Peoples knew Hoag was habitually addicted to alcohol.[3] Viewing the evidence which appears in the record in the light most favorable to Sabo, and drawing every reasonable inference in favor of Sabo,[4] it appears to us that there is a material question of fact, properly resolvable *269 by a jury, as to Peoples' knowledge. Hoag testified:
1. He was an alcoholic at the time of the accident; and/or habitually addicted to alcohol.
2. For at least two years prior to the accident, Hoag normally consumed a case of beer during the day while on his construction job. After work each evening, he would shower, change his clothes, and go out to drink hard liquor at Peoples or other bars near his residence, until he became intoxicated.
3. He got drunk every time he went to Peoples, and the bartenders never refused to serve him.
4. When he got drunk, he became loud and talkative; slurred his words; became unbalanced; had red eyes: all obvious physical signs of a person's intoxication.
5. He got to know Peoples' evening bartenders well. They frequently talked to him at the bar, and started pouring his favorite drink, a White Russian, as soon as he came through the door.
6. He went to Peoples twice a week, over a two-year period, and at least that often for the four months preceding the accident.
7. He normally drank at least five double White Russians (four shots of liquor per drink); and on the night of the accident, he probably had seven double drinks. The bartenders always poured him doubles, even though Peoples' Happy-Hour policy did not include White Russians. They would "free-pour" his drinks.
8. By the time Hoag left Peoples the night of the accident, he had had so much to drink that he did not recall much about leaving the bar, whether he had dinner, whether he had an argument with his girlfriend, nor much about the accident itself.
Peoples also argues that the record adduced would not permit a jury to conclude that Hoag was an alcoholic or habitually addicted to alcohol at the time of the accident. The statute does not use the term "alcoholic", nor does it define the term "habitually addicted."
In Todd v. Todd, 56 So.2d 441 (Fla. 1951), the Florida Supreme Court discussed the meaning of "habitual intemperance" in the context of a divorce case, when it was a ground (among others) for divorce. It said such a condition could be established with proof that:
[T]he will is dethroned by frequent indulgence and failure to control one's appetite for strong drink. .. . [O]ne whose habit of indulgence in strong drink is so fixed that he cannot resist getting drunk anytime the temptation is offered. Inebriety must be frequent, exclusive, and be the dominant passion. The habitual but moderate use of intoxicating liquors does not meet the test.
Todd at 442. Proof of "habitual intemperance" is difficult, and we assume "habitually addicted" may require similar proof.
However, based on this record, we conclude there was sufficient evidence adduced to permit a jury to conclude that Hoag was habitually addicted to alcohol. We also think the circumstantial evidence adduced was sufficient to permit a jury to find that the employees of Peoples knew of Hoag's addiction, based on his repeated behavior and appearance. Willis; Gorman. Accordingly, we reverse the summary judgment for Peoples and remand for further proceedings.
REVERSED and REMANDED.
LEE, R.E., Jr., Associate Judge, concurs.
COBB, J., concurs specially with opinion.
COBB, Judge, concurring specially.
The constitutionality of that part of section 768.125 relating to liability for "knowingly" serving alcoholic beverages to "a person habitually addicted" to their use is not raised as an issue on this appeal.[1] *270 Therefore, we must assume such constitutionality, arguendo, given the present posture of this case. In Dowell v. Gracewood Fruit Company, 559 So.2d 217 (Fla. 1990) and Bankston v. Brennan, 507 So.2d 1385 (Fla. 1987), the Florida Supreme Court held that this section, despite its literal wording, was not intended by the legislature to impose liability upon social hosts, only upon those who sell alcoholic beverages. Neither case, however, addressed the constitutionality of the act itself.
Accordingly, I concur with the majority result.

ON MOTION FOR REHEARING AND CERTIFICATION
PER CURIAM.
Appellees have filed a motion for rehearing and certification. We deny the motion to rehear, however, we grant the motion for certification to the Florida Supreme Court and certify conflict under Florida Rule of Appellate Procedure 9.030(a)(2)(A)(vi) with Ellis v. N.G.N. of Tampa, Inc., 561 So.2d 1209 (Fla. 2d DCA 1990).
REHEARING DENIED; CONFLICT CERTIFIED.
COBB and W. SHARP, JJ., and LEE, R.E., Jr., Associate Judge, concur.
NOTES
[1] See Certain Lands v. City of Alachua, 518 So.2d 386 (Fla. 1st DCA 1987).
[2] See Burns v. Three of a Kind, Inc., 439 So.2d 1004 (Fla. 5th DCA 1983); Willis v. Strickland, 436 So.2d 1011 (Fla. 5th DCA 1983), rev. denied, 446 So.2d 99 (Fla. 1984).
[3] Id.; Gorman v. Albertson's Inc., 519 So.2d 1119 (Fla. 2d DCA 1988).
[4] Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla. 1977); Megdell v. Wieder, 327 So.2d 781 (Fla. 3d DCA 1976), cert. denied, 341 So.2d 1087 (Fla. 1976); Wilson v. State Road Dept., 201 So.2d 619 (Fla. 1st DCA), cert. denied, 207 So.2d 690 (Fla. 1967); Byam v. Klopcich, 454 So.2d 720 (Fla. 4th DCA 1984).
[1] Aside from the vagueness problem, the logical implication of this statute is that a bar, in order to escape the potential of civil liability, must reject regular patrons and/or frequently change employees.