591 So.2d 907 (1991)
PEOPLES RESTAURANT, Petitioner,
v.
Mary SABO, Respondent.
No. 76811.
Supreme Court of Florida.
September 19, 1991.
Rehearing Denied November 14, 1991.
Elizabeth C. Wheeler and Robert J. Jack of Smalbein, Johnson, Rosier, Bussey, Rooney & Ebbets, P.A., Orlando, for petitioner.
Ava F. Tunstall and William E. Lawton of Dean, Ringers, Morgan & Lawton, Orlando, for respondent.
Marguerite H. Davis of Katz, Kutter, Haigler, Alderman, Davis, Marks & Rutledge, P.A., Tallahassee, amicus curiae for Florida Defense Lawyers' Ass'n.
Nancy Little Hoffmann, Fort Lauderdale, amicus curiae for Academy of Florida Trial Lawyers.
OVERTON, Justice.
This is a petition to review Sabo v. Shamrock Communications, Inc., 566 So.2d 267 (Fla. 5th DCA 1990), in which the Fifth District Court of Appeal held that a cause of action exists against a vendor of alcoholic beverages for knowingly serving a person addicted to the use of alcohol, even though the vendor had not been furnished written notice of the person's addiction. The court also held that circumstantial evidence could be sufficient to establish that the vendor knowingly served a person addicted to alcohol. The district court acknowledged *908 conflict with Ellis v. N.G.N. of Tampa, Inc., 561 So.2d 1209 (Fla. 2d DCA 1990). We have jurisdiction under article V, section 3(b)(4), of the Florida Constitution, and approve the district court's decision for the reasons expressed in our simultaneously released decision in Ellis v. N.G.N. of Tampa, Inc., 586 So.2d 1042 (Fla. 1991).
In this cause, Sabo brought a personal injury action alleging that she suffered injuries in an automobile accident caused by Daniel Hoag, an intoxicated driver. Hoag, who had just consumed a large number of drinks, had just left the Peoples Restaurant bar (Peoples) when the accident occurred. The trial court entered a summary judgment for Peoples, on the failure of Sabo to show that the vendor had knowledge that Hoag was an alcoholic. Evidence in the summary judgment proceeding reflects that Hoag testified that he was an alcoholic at the time of the accident and that, for the two years prior to the accident, he regularly consumed a case of beer a day while on his construction job. Hoag also testified that, for the four months prior to the accident, he went to Peoples twice a week after work; that he would drink hard liquor each evening at Peoples or another bar near his residence until he became intoxicated; and that, even though he got drunk every time he went to Peoples, the bartenders never refused to serve him, despite his slurred speech, red eyes, and unsteady appearance. According to Hoag, the bartenders knew him well, frequently started pouring his favorite drink as soon as he came through the door, and, even though it was against Peoples' happy hour policy, always poured him doubles. Hoag testified that on the night of the accident he had been served the equivalent of twenty shots of hard liquor and was so intoxicated that he did not recall leaving the bar, eating dinner, whether he had had an argument with his girlfriend, or much about the accident itself.
Based on this record, the district court vacated the summary judgment, concluding that "there was sufficient evidence adduced to permit a jury to conclude that Hoag was habitually addicted to alcohol. We also think the circumstantial evidence adduced was sufficient to permit a jury to find that the employees of Peoples knew of Hoag's addiction, based on his repeated behavior and appearance." Sabo, 566 So.2d at 269. We agree with the district court and, for the reasons expressed in Ellis, approve its decision in the instant case.
It is so ordered.
SHAW, C.J., and McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.