586 So.2d 1042 (1991)
Mary Evelyn ELLIS, Etc., Petitioner,
v.
N.G.N. OF TAMPA, INC., et al., Respondents.
No. 76267.
Supreme Court of Florida.
September 19, 1991.
*1043 Stevan T. Northcutt of Levine, Hirsch, Segall & Northcutt, P.A., and Thomas S. Martino of Martino, Price & Weldon, P.A., Tampa, for petitioner.
Scott W. Dutton of Santos & Dutton, P.A., Tampa, for respondents.
Marguerite H. Davis of Katz, Kutter, Haigler, Alderman, Davis, Marks & Rutledge, P.A., Tallahassee, amicus curiae, for Florida Defense Lawyers' Ass'n.
Nancy Little Hoffmann, Fort Lauderdale, amicus curiae, for Academy of Florida Trial Lawyers.
George M. Thomas of the Law Offices of George M. Thomas, P.A., Fort Lauderdale, amicus curiae, for Mothers Against Drunk Driving Florida.
OVERTON, Justice.
This cause is before the Court on petition to review Ellis v. N.G.N. of Tampa, Inc., 561 So.2d 1209 (Fla. 2d DCA 1990), in which the Second District Court of Appeal held that no claim could be brought against an alcoholic beverage vendor for the alleged negligent sale of alcohol to a habitual drunkard, where there was no showing of a criminal violation. We find conflict with Sabo v. Shamrock Communications, Inc., 566 So.2d 267 (Fla. 5th DCA 1990), and Pritchard v. Jax Liquors, Inc., 499 So.2d 926 (Fla. 1st DCA 1986), review denied, 511 So.2d 298 (Fla. 1987). We have jurisdiction under article V, section 3(b)(3), of the Florida Constitution and quash the decision of the district court. We find that a cause of action exists under these circumstances for a vendor's sale of alcoholic beverages to a person habitually addicted to alcohol.
This case concerns the liability of a vendor of alcoholic beverages for sales to a habitual drunkard. It commenced when Mary Evelyn Ellis filed a complaint alleging that her son, Gilbert Ellis, an alleged habitual drunkard, consumed approximately twenty alcoholic drinks served to him at a bar owned by the respondent N.G.N. of Tampa, Inc. (N.G.N.), and operated by the respondent Norbert G. Nissen. The complaint alleged that, after consuming the drinks, an intoxicated Gilbert Ellis drove his car in a manner that caused it to overturn and crash; that he sustained severe injuries, including permanent brain damage; that he has since been declared incompetent, and his mother, the complainant and petitioner, Mary Evelyn Ellis, is his legal guardian. The complaint against N.G.N. and Nissen seeks compensatory and punitive damages on the grounds that N.G.N. and Nissen served Gilbert Ellis "knowing that [he] was a person addicted to the use of any or all alcoholic beverages." The complaint also alleged that the provisions of section 768.125, Florida Statutes (1987), authorized this cause of action.
N.G.N. and Nissen moved to dismiss the complaint on the grounds that: (1) section 768.125 does not provide a first-party cause of action for a one-car accident involving an injured adult drinker/driver; and (2) even if there was a cause of action, the complaint did not allege that the bar had received written notice from the habitual drunkard's family as required by section 562.50, Florida Statutes (1987). The trial court granted the motion to dismiss, finding under the first grounds that there is no cause of action against a vendor of intoxicants under section 768.125.
The district court of appeal, while agreeing that the cause of action must be dismissed, made that determination on different grounds. The district court explained that a class of persons to be protected under section 768.125 includes the habitual drunkard himself, as well as those he consequently injures. However, the court concluded that the complaint was properly dismissed because prior written notice of Ellis's alcohol addiction had not been provided, as required by section 562.50. In reaching this conclusion, the district court of appeal determined that sections 562.50 and 768.125 must be read in pari materia because they deal with the same subject matter, i.e., the unlawful dispensing of alcohol and the consequences thereof, and because the legislative history of section 768.125 reflects that the legislature intended that *1044 the two statutes be read together. The district court also concluded that the written notice requirement under section 562.50 is a prerequisite to recovery.

I.
To resolve this issue, it is first necessary to review the legal history of the duty placed on a vendor of alcoholic beverages. Prior to 1959, the common law established that a commercial vendor of alcoholic beverages could not be liable for the negligent sale of those beverages when either the purchaser or third persons were injured as a result of their consumption. This common law principle was based on the conclusion that the proximate cause of the injury was the consumption of the intoxicating beverage by the person, rather than the sale of intoxicating beverages to the person and, consequently, there could be no valid claim against a vendor for damages.[1]
A change in this common law principle first occurred in 1959 when the Supreme Court of New Jersey, in Rappaport v. Nichols, 31 N.J. 188, 156 A.2d 1 (1959), modified this consumption-sale distinction in the common law and, in the words of one commentator, "took upon itself to fill a judicially-perceived vacuum of restraint on commercial vendors of alcoholic beverages." Gerry M. Rinden, Judicial Prohibition? Erosion of the Common Law Rule of Non-liability for Those Who Dispense Alcohol. 34 Drake L.Rev. 937, 938 (1984-85).
In Rappaport, a tavern owner sold alcoholic beverages to a minor under circumstances in which the vendor knew the purchaser to be a minor. After consuming the alcohol, the minor became intoxicated and killed a third party while driving an automobile. In holding the vendor liable to the deceased's estate, the Supreme Court of New Jersey held:
[W]e are convinced that recognition of the plaintiff's claim will afford a fairer measure of justice to innocent third parties whose injuries are brought about by the unlawful and negligent sale of alcoholic beverages to minors and intoxicated persons, will strengthen and give greater force to the enlightened statutory and regulatory precautions against such sales and their frightening consequences, and will not place any unjustifiable burdens upon defendants who can always discharge their civil responsibilities by the exercise of due care.
156 A.2d at 10. Similarly, the Seventh Circuit Court of Appeals, in Waynick v. Chicago's Last Department Store, 269 F.2d 322 (7th Cir.1959), cert. denied, 362 U.S. 903, 80 S.Ct. 611, 4 L.Ed.2d 554 (1960), also eliminated the consumption-sale distinction by placing a duty on vendors of alcoholic beverages where the situation was not controlled by legislation. In Waynick, a driver's intoxication in Illinois and subsequent accident in Michigan resulted in injury to the complaining third party. Because the Illinois dram shop act was not applicable in Michigan and the Michigan dram shop act was not applicable in Illinois, the federal court fashioned the following duty of care for alcoholic beverage vendors, stating:
[I]n applying the common law to the situation presented in this case, we must consider the law of tort liability, even though the chain of events, which started when the defendant tavern keepers unlawfully sold intoxicating liquor to two drunken men, crossed state boundary lines and culminated in the tragic collision in Michigan. We hold that, under the facts appearing in the complaint, the tavern keepers are liable in tort for damages and injuries sustained by plaintiffs, *1045 as a proximate result of the unlawful acts of the former.
269 F.2d at 326.
It should also be recognized that, after the repeal of prohibition, many jurisdictions enacted laws prohibiting the sale of intoxicants to minors and habitual drunkards. This state prohibited the sale of intoxicants to minors in 1935. Ch. 16774, Laws of Fla. (1935). In 1963, four years after Rappaport and Waynick, this Court addressed the issue of vendor responsibility and liability in Davis v. Shiappacossee, 155 So.2d 365 (Fla. 1963). The facts in Davis indicate that, after purchasing a case of beer and a half pint of whiskey, several minors went to a drive-in theater and then drove to a park. During this period of time, they drank the whiskey and several cans of the beer. Six hours after the purchase of the alcohol, the minor driver, while driving at fifty-five miles an hour, lost control of the car, struck an oak tree, and was killed. An action was then brought by the parents against the vendor. The trial court dismissed the action and the district court of appeal affirmed, holding the consumption of alcohol as the principal cause of the injury and that "the automobile accident and the death of the driver were not reasonably expected or probable results of the sale of the beverages." Davis v. Shiappacossee, 145 So.2d 758, 760 (Fla. 2d DCA 1962), quashed, 155 So.2d 365 (Fla. 1963). In our Davis decision, this Court, under those circumstances, rejected this conclusion while observing that, "generally, in the absence of statute, a seller of liquor is not responsible for injury to the person who drinks it." 155 So.2d at 367. The Court stated:
[T]hey were seated in a dangerous instrumentality when the transaction occurred; in a dangerous instrumentality they departed under the drivership of a 16-year old. It seems to us that these cogent circumstances could and should convert the word "possible" in the rule to "probable"; that the very atmosphere surrounding the sale should make foreseeable to any person, such as Farmer, with the intelligence to represent the respondent and treat with his customers, that trouble for someone was in the offing.
Id. (emphasis added). The Court in Davis concluded that such a sale of alcoholic beverages was a violation of a previously enacted statute prohibiting the sale to minors and, consequently, it was negligence per se. Our holding put this state in the forefront of those jurisdictions that modified the original common law rule to allow some negligence claims against vendors of alcoholic beverages on the basis that a sale could be the proximate cause of an injury. This trend is now substantial. See Morris v. Farley Enters., Inc., 661 P.2d 167 (Alaska 1983); Largo Corp. v. Crespin, 727 P.2d 1098 (Colo. 1986); Alegria v. Payonk, 101 Idaho 617, 619 P.2d 135 (1980); Lewis v. State, 256 N.W.2d 181 (Iowa 1977); Grayson Fraternal Order of Eagles, Aerie No. 3738, Inc. v. Claywell, 736 S.W.2d 328 (Ky. 1987); Thrasher v. Leggett, 373 So.2d 494 (La. 1979); Michnik-Zilberman v. Gordon's Liquor, Inc., 390 Mass. 6, 453 N.E.2d 430 (1983); Adamian v. Three Sons, Inc., 353 Mass. 498, 233 N.E.2d 18 (1968); Munford, Inc. v. Peterson, 368 So.2d 213 (Miss. 1979); Ramsey v. Anctil, 106 N.H. 375, 211 A.2d 900 (1965); Rappaport v. Nichols, 31 N.J. 188, 156 A.2d 1 (1959); Lopez v. Maez, 98 N.M. 625, 651 P.2d 1269 (1982); Mason v. Roberts, 33 Ohio St.2d 29, 294 N.E.2d 884 (1973); Brigance v. Velvet Dove Restaurant, Inc., 725 P.2d 300 (Okla. 1986); Campbell v. Carpenter, 279 Or. 237, 566 P.2d 893 (1977); Jardine v. Upper Darby Lodge No. 1973, Inc., 413 Pa. 626, 198 A.2d 550 (1964); Mitchell v. Ketner, 54 Tenn. App. 656, 393 S.W.2d 755 (1964); El Chico Corp. v. Poole, 732 S.W.2d 306 (Tex. 1987); Young v. Caravan Corp., 672 P.2d 1267 (Wash. 1983); Halligan v. Pupo, 37 Wash. App. 84, 678 P.2d 1295 (1984); McClellan v. Tottenhoff, 666 P.2d 408 (Wyo. 1983). See also Gerry M. Rinden, Judicial Prohibition? Erosion of the Common Law Rule of Non-liability for Those Who Dispense Alcohol, 34 Drake L.Rev. 937 (1984-85).
Subsequent to Davis, the Second District Court of Appeal, in Prevatt v. McClennan, 201 So.2d 780 (Fla. 2d DCA 1967), applied *1046 our Davis decision in considering another situation where a vendor illegally sold alcoholic beverages to a minor. In that case, the minor became intoxicated while in the vendor's establishment, drew a pistol, and shot a patron of the tavern. The patron sued the owner of the tavern, and the district court affirmed a personal injury judgment. The district court held that the violation of the statute forbidding the sale of liquor to a minor constituted negligence per se. In doing so, the district court noted that "[t]he very atmosphere surrounding the sale should make it foreseeable to any person that trouble for someone was in the making." Id. at 781 (emphasis added). The court emphasized the differences between the sale and consumption, noting that "[t]he proximate cause of the injury is the sale rather than the consumption." Id.
As these cases emphasize, a major change had occurred in the legal principles governing an alcohol vendor's liability. Under the original doctrine, the vendor was absolved of liability because consumption of the alcohol was considered to be the cause of the conduct and the resulting damages, for which the vendor had no control. After Rappaport, Waynick, Davis, and Prevatt, the critical fact was not consumption but whether, under the circumstances, it was foreseeable that injury or damage would occur after a sale, particularly when sales were made to persons who lacked the ability to make a responsible decision in the consumption of alcohol.
As a result of this judicial trend to extend liability towards vendors of alcoholic beverages, the legislature enacted section 562.51, now section 768.125, Florida Statutes (1989). That statute was enacted as chapter 80-37, Laws of Florida, and its title read as follows: "An act relating to the Beverage Law; creating s. 562.51, Florida Statutes [codified as s. 768.125], providing that a person selling or furnishing alcoholic beverages to another person is not thereby liable for injury or damage caused by or resulting from the intoxication of such other person; providing exceptions; providing an effective date." (Emphasis added.) The substantive provision, now section 768.125, Florida Statutes (1989), reads as follows:
A person who sells or furnishes alcoholic beverages to a person of lawful drinking age shall not thereby become liable for injury or damage caused by or resulting from the intoxication of such person, except that a person who willfully and unlawfully sells or furnishes alcoholic beverages to a person who is not of lawful drinking age or who knowingly serves a person habitually addicted to the use of any or all alcoholic beverages may become liable for injury or damage caused by or resulting from the intoxication of such minor or person.
(Emphasis added.) The statute effectively codified the original common law rule absolving vendors from liability for sales but provided exceptions for sales to those who were not of a lawful drinking age or to a person habitually addicted to alcoholic beverage use.
In 1984, in Migliore v. Crown Liquors, Inc., 448 So.2d 978 (Fla. 1984), we addressed the effect of the enactment of section 768.125. In Migliore, a minor, who had been provided intoxicating liquors by a vendor, injured the plaintiff in an automobile accident. We expressly agreed with "the holding and rationale" of the Prevatt decision, and stated that "[p]roviding alcoholic beverages to minors involves the obvious foreseeable risk of the minor's intoxication and injury to himself or a third person." 448 So.2d at 980. However, this Court expressly rejected the claim that section 768.125 created a cause of action for third persons against dispensers of intoxicating beverages for injuries caused by minors. We held that "section 768.125 is a limitation on the liability of vendors of intoxicating beverages," and that "the legislative intent that this statute limit the existing liability of liquor vendors is clear from its enacting title." Id. at 980-81. This Court faced similar issues in Armstrong v. Munford, Inc., 451 So.2d 480 (Fla. 1984), and Forlaw v. Fitzer, 456 So.2d 432 (Fla. 1984). In those cases, we reaffirmed our holding in Migliore that the statute constituted a limitation on the existing liability of vendors.
*1047 In Bankston v. Brennan, 507 So.2d 1385 (Fla. 1987), we considered a social host's liability for injuries to a third person caused by an intoxicated minor who had been served alcoholic beverages by the host. We rejected liability for the social host. In answering a certified question, we expressly found that section 768.125 does not create a cause of action against a social host. We explained that "vendor liability had been broadened by judicial decisions and that the legislative response to that trend was to limit that liability." Id. at 1386-87. We stated that it would be illogical to conclude that "a statute enacted to limit preexisting vendor liability would simultaneously create an entirely new and distinct cause of action against a social host, a cause of action previously unrecognized by the common law." Id. at 1387. We further noted that
when the legislature has actively entered a particular field and has clearly indicated its ability to deal with such a policy question, the more prudent course is for this Court to defer to the legislative branch. The issue of civil liability for a social host has broad ramifications, and as we recently observed, "of the three branches of government, the judiciary is the least capable of receiving public input and resolving broad public policy questions based on a societal consensus."
Id. (quoting Shands Teaching Hosp. & Clinics, Inc. v. Smith, 497 So.2d 644, 646 (Fla. 1986)). As succinctly explained in Justice Barkett's concurring opinion, "[s]ince the legislature has acted to limit the liability of vendors ... we cannot find social hosts more liable than the legislature has determined vendors should be." 507 So.2d at 1388 (Barkett, J., concurring).
In summary, the above case law has established that, although limited by the provisions of section 768.125, there is a cause of action against a vendor for the negligent sale of alcoholic beverages to a minor that results in the injury to or death of the minor or a third party. While we have not expressly addressed a case involving a habitual drunkard, we find that the same law applies because: (1) it is an express exception to the statute[2] limiting a vendor's liability, and (2) it is also a sale of alcohol to a class of persons who lack the ability to make a responsible decision in the consumption of alcohol. The remaining question is how the cause of action may proceed under the restrictions of section 768.125.

II.
First, in order to understand its purpose, it is necessary to examine section 768.125 in its entirety. The statute has three parts. The first part codifies the original common law rule that a person who sells or furnishes alcoholic beverages to a person of lawful drinking age shall not thereby become liable for injury or damage caused by or resulting from the intoxication of such person. The statute then provides two exceptions. The first, the minor exception, provides that one who "willfully and unlawfully sells or furnishes alcoholic beverages to a person who is not of lawful drinking age ... may become liable for injury or damage caused by or resulting from the intoxication of such minor." § 768.125, Fla. Stat. (1987) (emphasis added). The second, the habitual drunkard exception, provides that a person "who knowingly serves a person habitually addicted to the use of any or all alcoholic beverages may become liable for injury or damage caused by or resulting from the intoxication of such ... person." Id. (emphasis added). It is important to note the distinction in the operative language of these two provisions.
In applying the exceptions in section 768.125, a court must consider its terms as well as the provisions of the criminal statute dealing with the sale of alcohol. There are two separate criminal offenses for a sale to a minor and a sale to an alcoholic.
Regarding sales to a minor, section 768.125 uses the terms willfully and unlawfully. The criminal offense for sales to minors is set forth in section 562.11(1)(a), Florida Statutes (1987), which reads, in pertinent part, as follows: "It is unlawful for *1048 any person to sell, give, serve, or permit to be served alcoholic beverages to a person under 21 years of age or to permit a person under 21 years of age to consume such beverages on the licensed premises." We find that the legislature's use, in section 768.125, of the term unlawfully requires that the plaintiff must establish each of the elements of the criminal offense in section 562.11(1)(a) to prevail in a civil action. Once these elements have been proven, the plaintiff has established negligence per se. See Davis.
The criminal offense for sales to habitual drunkards is contained in section 562.50, Florida Statutes (1987), the pertinent part of which reads as follows:
Any person who shall sell, give away, dispose of, exchange, or barter any alcoholic beverage, or any essence, extract, bitters, preparation, compound, composition, or any article whatsoever under any name, label, or brand, which produces intoxication, to any person habitually addicted to the use of any or all such intoxicating liquors, after having been given written notice by wife, husband, father, mother, sister, brother, child, or nearest relative that said person so addicted is an habitual drunkard and that the use of intoxicating drink or drinks is working an injury to the person using said liquors, or to the person giving said written notice, shall be guilty of a misdemeanor of the second degree... .
However, with regard to the liability arising from the sale to a habitual drunkard, the legislature used the word knowingly in section 768.125 and did not repeat the phrase willfully and unlawfully used in the exception for the sale to a minor. We therefore conclude that, under the habitual drunkard exception to section 768.125, a plaintiff need show only that the vendor knowingly sold alcoholic beverages to a person who is a habitual drunkard.
The next question we must resolve is what constitutes "knowledge" in order for a vendor's conduct to be found negligent. The respondents argue that section 768.125 must be read in pari materia with the criminal statute, section 562.50, to require written notification of the vendor before recovery under section 768.125 is permissible. We recognize that section 768.125 was initially enacted by chapter 80-37, Laws of Florida, as section 562.51, immediately following the criminal provision pertaining to habitual drunkards in section 562.50. We find, however, that the distinction between the utilization of the words "willful and unlawful" for minors and the word "knowingly" for habitual drunkards is critical to this issue and was purposefully done by the legislature. As originally introduced, section 768.125 required establishment of the elements of the criminal offense in section 562.50 in order for there to be liability in a civil action. However, the bill was amended on the floor of the House to delete the language requiring proof of all elements of the criminal offense and to specify only that the vendor knowingly serve a habitual drunkard. Fla. H.R.Jour. 216, 224-25 (Reg.Sess. 1980). Given the legislative history of section 768.125, and the use of the term knowingly rather than unlawfully in the statute, we hold that written notice as required to establish the criminal offense in section 562.50 is not a requisite to proving knowingly as a predicate to a negligence claim for an injury resulting from a vendor's knowingly serving alcoholic beverages to a habitual drunkard. We find the cause of action in this circumstance only requires evidence that the vendor had knowledge that the individual the vendor served was a habitual drunkard. Serving an individual multiple drinks on one occasion would be insufficient, in and of itself, to establish that the vendor knowingly served a habitual drunkard alcoholic beverages. On the other hand, serving an individual a substantial number of drinks on multiple occasions would be circumstantial evidence to be considered by the jury in determining whether the vendor knew that the person was a habitual drunkard. We agree with the Fifth District Court of Appeal in Sabo v. Shamrock Communications, Inc., 566 So.2d 267 (Fla. 5th DCA 1990), approved sub nom. Peoples Restaurant v. Sabo, No. 76,811, 1991 WL 183083 (Fla. Sept. 19, 1991), that this element can properly be *1049 established by circumstantial evidence. The claim being established under this exception is ordinary negligence, not negligence per se. To establish negligence per se, the plaintiff would have to establish each of the elements of the criminal offense, as contained in section 562.50, including the requirement of written notice.
Accordingly, we quash the decision of the district court and direct that this cause be remanded for further proceedings in accordance with the principles set forth in this opinion.
It is so ordered.
SHAW, C.J. and McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] Cherbonnier v. Rafalovich, 12 Alaska 634, 88 F. Supp. 900 (1950); Carr v. Turner, 238 Ark. 889, 385 S.W.2d 656 (1965); Fleckner v. Dionne, 94 Cal. App.2d 246, 210 P.2d 530 (1949); Nolan v. Morelli, 154 Conn. 432, 226 A.2d 383 (1967); Colligan v. Cousar, 38 Ill. App.2d 392, 187 N.E.2d 292 (1963); Elder v. Fisher, 247 Ind. 598, 217 N.E.2d 847 (1966); Lee v. Peerless Ins. Co., 248 La. 982, 183 So.2d 328 (1966); Beck v. Groe, 245 Minn. 28, 70 N.W.2d 886 (1955); Hall v. Budagher, 76 N.M. 591, 417 P.2d 71 (1966); Mitchell v. Ketner, 54 Tenn. App. 656, 393 S.W.2d 755 (1964).
[2] § 768.125, Fla. Stat. (1987).