PER CURIAM.
Appellant filed suit against appellee asserting a cause of action for personal injuries sustained as a result of an automobile accident. She alleged that appellee sold or furnished alcoholic beverages to a person habitually addicted to alcohol, who became intoxicated and proceeded to operate a motor vehicle. Appellant did not allege that written notice had been given to appellee by a family member that the intoxicated person was addicted and a habitual drunkard as required by section 562.50, Florida Statutes (1991). The trial court entered judgment on the pleadings, citing Ellis v. N.G.N. of Tampa, Inc., 561 So.2d 1209 (Fla. 2d DCA 1990).
We recognize that when the trial court entered its order and final judgment on the pleadings, it did not have the benefit of the supreme court’s opinions in Peoples Restaurant v. Sabo, 591 So.2d 907 (Fla. 1991) and Ellis v. N.G.N. of Tampa, Inc., 586 So.2d 1042 (Fla.1991). In Ellis, the court stated:
[W]e hold that written notice as required to establish the criminal offense in section 562.50 is not a requisite to proving knowingly as a predicate to a negligence claim for an injury resulted from a vendor’s knowingly serving alcoholic beverages to a habitual drunkard.
Id. at 1048. Accordingly, we reverse the trial court’s order granting final judgment in favor of appellee and remand this case for further proceedings.
REVERSED and REMANDED.
DOWNEY, HERSEY and DELL, JJ„ concur.