602 So.2d 975 (1992)
Frank ROSTER, Appellant,
v.
Donald Leslie MOULTON, Jr., et al., Appellees.
No. 91-2165.
District Court of Appeal of Florida, Fourth District.
July 8, 1992.
Motions for Rehearing, Rehearing and Clarification and Certification Denied August 27, 1992.
Sheldon J. Schlesinger, P.A., Fort Lauderdale, and Joel S. Perwin of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, for appellant.
Hinda Klein of Conroy, Simberg & Lewis, Hollywood, for appellee Italia, Inc.
Motions for Rehearing, Rehearing En Banc and Clarification and Certification Denied August 27, 1992.
POLEN, Judge.
Frank Roster appeals from a final summary judgment entered in favor of appellee, Italia, Inc., which conducts business as Nick's Bar. The action arose out of an alcohol related automobile-bicycle accident. We reverse.
Appellant, plaintiff below, filed a complaint alleging that on April 2, 1988, Donald Moulton became intoxicated as a result of consuming numerous alcoholic beverages at Nick's Bar and, while operating his automobile, struck appellant while he rode his bicycle, rendering appellant a quadriplegic. The complaint also alleged that Nick's Bar violated section 768.125, Florida Statutes (1988), when it served alcohol to Moulton with knowledge that Moulton was habitually addicted to alcohol. Nick's Bar answered the complaint with a general denial and filed a motion for summary judgment on two grounds: It was not liable under section 768.125 because there was no evidence that it knew Moulton was habitually addicted to alcohol, and it had not received prior written notice of Moulton's alcohol addiction, which they asserted was required under section 562.50, Florida Statutes (1988).[1] The court granted summary judgment on the former.
Appellant argues that section 768.125 requires a strict construction, because it purports to limit a pre-existing common law cause of action against a vendor for negligent sale of alcoholic beverages to a habitual drunkard. Notably, the supreme court in Ellis v. N.G.N. of Tampa, Inc., 586 So.2d 1042 (Fla. 1991), held that knowledge could be demonstrated with circumstantial evidence. Id. at 1048; see also Peoples *976 Restaurant v. Sabo, 591 So.2d 907 (Fla. 1991).
While we recognize that the facts in Ellis and Sabo are more compelling than those at bar, we hold that the evidence adduced at the summary judgment hearing, which included expert witness affidavits,[2] created an issue of fact as to whether Nick's Bar employees knew that Moulton was addicted to alcohol. Notably, the Ellis Court wrote:
We find the cause of action in this circumstance only requires evidence that the vendor had knowledge that the individual the vendor served was a habitual drunkard. Serving an individual multiple drinks on one occasion would be insufficient, in and of itself, to establish that the vendor knowingly served a habitual drunkard alcoholic beverages.
Id. at 1048 (emphasis added). It is undisputed that Mr. Moulton consumed 8-10, 12-ounce cans of beer and two straight shots of tequila over the period of an hour and a half. After a short absence from Nick's, during which he drank yet another beer served elsewhere, Moulton returned to Nick's walk-up window, where he ordered and was served another beer. The manager of Nick's Bar admitted that it would be unusual for a person to consume that many beers and two shots of tequila without showing signs of intoxication. Despite Moulton's considerable alcohol consumption, he did not stagger and did not slur his speech. The manager twice asked Moulton to leave the bar only because Moulton became loud and argumentative. Mr. Moulton pled guilty to the charge of driving while under the influence of alcohol and admitted that he had a drinking problem from the age of sixteen, which he still had at the time of the accident. At that time, Moulton had never received treatment for his alcohol addiction.
For the foregoing reasons, we hold that the evidence adduced below created an issue of fact to be properly resolved by a jury. Accordingly, we reverse the final summary judgment entered for Nick's Bar and remand for further proceedings.
FARMER, J., and ALDERMAN, JAMES E., Senior Justice, concur.
NOTES
[1] The trial court correctly ruled that there was no specific requirement for written notice under section 562.50, Florida Statutes. See Ellis v. N.G.N. of Tampa, Inc., 586 So.2d 1042 (Fla. 1991).
[2] The two experts' affidavits essentially stated that the large amount of alcohol that Mr. Moulton consumed over a relatively short time period, together with the lack of impairment Moulton demonstrated, would have put a reasonable server of alcohol on notice that Moulton was habitually addicted to alcohol. Nick's Bar submitted no affidavits to oppose these viewpoints.