THREADGILL, Judge.
Appellant Marie Russo, individually and as personal representative of the estate of her deceased husband, appeals the final summary judgment entered in favor of Appellee, Plant City Moose Lodge. Russo brought a wrongful death action alleging that the Moose Lodge served alcohol to Gayle Haynes, a habitual drinker. After consuming alcohol at the Moose Lodge, Haynes struck and killed her husband, Pasquale Russo, with his vehicle. She argues that under section 768.125, Florida Statutes (1991)[1], the Moose Lodge is liable for the death. We disagree and affirm.
In affirming the final summary judgment, we agree with the trial court that Russo’s proof failed to create a genuine issue of fact as to Haynes’ habitual addiction to the use of alcohol and as to the Moose Lodge serving Haynes alcohol with knowledge of his addiction. Such proof is necessary under section 768.125.
Russo relies on Roster v. Moulton, 602 So.2d 975 (Fla. 4th DCA 1992), a factually similar ease in which summary judgment was precluded. However, in Roster, the evidence precluding summary judgment included two expert witness affidavits which stated that the behavior exhibited by the patron/driver would have put the vendor on notice that the patron/driver was habitually addicted to alcohol. The patron/driver also admitted that he had a drinking problem for which he had never received treatment. The Fourth District held that this evidence created a genuine issue of material fact to be properly resolved by the jury.
Another factually similar case in which summary judgment was precluded is People’s Restaurant v. Sabo, 591 So.2d 907 (Fla.1991). In Sabo, the driver testified that he was an alcoholic, regularly consumed a case of beer per day for two years on the job and drank hard liquor in the evenings at People’s. He also testified that People’s bartenders never refused to serve him despite his frequent outward appearances of intoxication. The bartenders knew him well. They often poured his favorite drink as soon as he walked in the door, and served him doubles even though it was against People’s happy hour policy. On the night of the accident, *959 the patron/driver had been served twenty shots of hard liquor and did not remember leaving the bar.
The testimony in the instant case is not as compelling as that in either Roster or Sabo. The testimony presented revealed the following. When Haynes drank at the Moose Lodge, friends would offer him rides home which he sometimes accepted and sometimes declined. On some occasions his wife would drive him home. There were estimates by friends and Moose Lodge bartenders of how often Haynes visited the bar and how many beers he consumed during these visits which ranged from 2-8 visits per month with 3-7 beers consumed per visit.
On the night of the fatal accident, a friend offered to drive him home, however, Haynes refused. The bartender serving him that night testified that she stopped serving him alcohol, and served him coffee and soft drinks before he left.
Haynes testified that he was not an alcoholic and did not have a drinking problem. He did not even keep alcoholic beverages at home. His wife and friends from the. Moose Lodge testified that he did not have a drinking problem and did not have a reputation as such. The three Moose Lodge bartenders who testified all denied knowledge of any information which indicated that Haynes was an alcoholic.
Haynes regularly socialized at the Moose Lodge. There was no testimony from anyone familiar with his drinking habits that Haynes exhibited signs of habitual addiction to alcohol or that the Moose Lodge would have reason to believe that he was addicted. At most, the testimony revealed that Haynes did not always exercise good judgment on operating a motor vehicle after consuming alcohol.
The evidence presented by Russo was insufficient as a matter of law to create a genuine issue of material fact as to Haynes’ habitual addiction to the use of alcoholic beverages and as to the Moose Lodge’s knowledge of that addiction when serving Haynes. Therefore, summary judgment was properly granted by the trial court.
Affirmed.
FRANK, C.J., and LAZZARA, J., concur.

. Section 768.125, Florida Statutes (1991) provides in relevant part:
A person who sells or furnishes alcoholic beverages to a person of lawful drinking age shall not thereby become liable for injury or damage caused by or resulting from the intoxication of such person, except that such person ... who knowingly serves a person habitually addicted to the use of any or all alcoholic beverages may become liable for injury or damage caused by or resulting from the intoxication of such person.