LAMBERT, J.
Darlene Evans (“Evans”), as personal representative of the Estate of Jared Evans (“Decedent”),[1] appeals the summary final judgment entered in favor of McCabe 415, Inc. d/b/a Jake & Micky’s[2] (“McCabe”). We reverse.
*239 McCabe is a dram shop, i.e., an establishment that serves alcoholic beverages to the public. Evans sued McCabe, alleging that McCabe served Decedent alcohol on the night he died, causing him to crash his car into a tree.[3] In addition, Evans specifically alleged that McCabe, “their employees, staff and agents who served alcoholic beverages to [Decedent] ... knew him or should have known him to be habitually addicted to alcoholic beverages.” McCabe denied liability and, after substantial discovery took place, filed a motion for summary judgment, arguing that, based upon the undisputed competent evidence of record, Evans could not establish that (1) Decedent was a habitual drunkard or (2) McCabe served Decedent with knowledge of Decedent’s condition, which are both necessary elements to establish a claim under Florida’s reverse dram shop liability statute, codified at section 768.125, Florida Statutes.
Section 768.125, Florida Statutes (2009), provides in full:
A person who sells or furnishes alcoholic beverages to a person of lawful drinking age shall not thereby become liable for injury or damage caused by or resulting from the intoxication of such person, except that a person who willfully and unlawfully sells or furnishes alcoholic beverages to a person who is not of lawful drinking age or who knowingly serves a person habitually addicted to the use of any or all alcoholic beverages may become hable for injury or damage caused by or resulting from the intoxication of such minor or person.
§ 768.125, Fla. Stat. (2009). In Ellis v. N.G.N. of Tampa, Inc., 586 So.2d 1042 (Fla.1991), the Florida Supreme Court held that to establish a cause of action under the habitual drunkard exception of this statute, a plaintiff must present “evidence that the vendor had knowledge that the individual the vendor served was a habitual drunkard.” Id. at 1048. In addition, the court stated “that this element can properly be established by circumstantial evidence.”[4] Id. at 1048-49 (citing Sabo v. Shamrock Commc’ns, Inc., 566 So.2d 267, 269 (Fla. 5th DCA 1990), approved sub nom. Peoples Rest. v. Sabo, 591 So.2d 907 (Fla.1991)).
In opposition to the motion for summary judgment filed by McCabe, Evans filed sworn affidavits and deposition transcripts from Decedent’s girlfriend and family members attesting to Decedent’s regular attendance at McCabe and his excessive and habitual use of alcoholic beverages. Evans also-filed an affidavit from an expert witness who opined, based upon his review of the evidence, that McCabe had knowledge that Decedent was a habitual .drunkard at the time it last served him alcoholic beverages. Evans argued that this evidence, at the very least, suggested that genuine issues of material fact existed as to whether, at the time McCabe served Decedent alcoholic beverages shortly before his death, Decedent was a habitual drunkard and McCabe knew of his condition. Evans also filed a motion seeking sanctions against McCabe for spoliation of evidence, asserting that McCabe had destroyed a surveillance video that would have provided evidence of Decedent’s con *240 dition when he was served alcoholic beverages by McCabe.
After a hearing, the trial court entered an order granting McCabe’s motion for summary judgment,[5] concluding that “Ms. Evans has failed to establish that [Decedent] was a habitual drunkard at the time of the subject accident or that McCabe 415 served [Decedent] with knowledge of his condition.” After ruling on McCabe’s motion for summary judgment, the court sua sponte cancelled the previously scheduled hearing on Evans’s motion for sanctions for McCabe’s spoliation of evidence.
The standard of review of a trial court’s entry of summary final judgment is de novo. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). “A summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law.” Id. “A summary judgment should be cautiously granted in negligence cases ...,” Giallanza v. Sands, 316 So.2d 77, 77 (Fla. 4th DCA 1975), and should not be granted “unless the facts are so crystallized that nothing remains but questions of law,” Shaffran v. Holness, 93 So.2d 94, 97-98 (Fla.1957); see also Moore v. Morris, 475 So.2d 666, 668 (Fla.1985). Additionally, it is generally “reversible error to enter summary judgment when discovery is in progress.” See UFF DAA, Inc. v. Towne Realty, Inc., 666 So.2d 199, 200 (Fla. 5th DCA 1995).
We conclude, based on our review of the record, that genuine issues of material fact exist both as to whether Decedent was a habitual drunkard and whether McCabe knew of this condition when it served him alcoholic beverages shortly before the crash that ended his life. We also find that summary final judgment was prematurely entered prior to resolution of Evans’s motion for sanctions. Accordingly, we reverse the summary final judgment entered in McCabe’s favor and remand for further proceedings.
REVERSED and REMANDED.
JACOBUS, B.W., Senior Judge, and McCUNE, R.J., Associate Judge, concur.

. Evans is the mother of Decedent.

. Jake & Micky’s is also referred to in the record as Jake & Mickey's.

. McCabe acknowledged in its motion that Decedent’s blood alcohol level at the time of the accident established that he was legally intoxicated.

. By way of example, the court stated that "serving an individual a substantial number of drinks on multiple occasions would be circumstantial evidence to be considered by the jury in determining whether the vendor knew that the person was a habitual drunkard." Ellis, 586 So.2d at 1048.

. On appeal, we relinquished jurisdiction to allow the trial court to enter a final, appeal-able judgment, which it later did.