IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JORGE GONZALEZ, AS PERSONAL
REPRESENTATIVE OF THE ESTATE
OF BEATRIZ GONZALEZ,

      Appellant,

 v.                                    Case No.  5D16-2680

STONEYBROOK WEST GOLF CLUB,
LLC, INC.,

      Appellee.
_____/

Opinion filed July 14, 2017

Appeal from the Circuit Court
for Orange County,
Janet C. Thorpe, Judge.

James C. Blecke, of The Haggard Law
Firm, P.A., Coral Gables, for Appellant.

Kathryn L. Ender, of Cole, Scott & Kissane,
P.A., Miami, for Appellee.


HODGES, R.W., Associate Judge.

      Jorge Gonzalez ("Gonzalez"), as personal representative of the Estate of Beatriz

Gonzalez ("the Decedent"), appeals from the final summary judgment entered in favor of

Stoneybrook West Golf Club, LLC, Inc. ("Stoneybrook").  The standard of review of a trial

court's entry of final summary judgment is de novo.  <u>Volusia Cty. v. Aberdeen at Ormond

Beach, L.P.</u>, 760 So. 2d 126, 130 (Fla. 2000).  Summary judgment is proper if there exists

no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.  Id.  Because we find the existence of a genuine issue of material fact in this case, we reverse and remand.

Stoneybrook is a golf club whose employees serve alcoholic beverages both inside the clubhouse and on the golf course.  Nathan Hartman is a golfer who routinely played golf at Stoneybrook and purchased alcohol from Stoneybrook employees.  After playing a round of golf and consuming alcohol, Hartman caused an automobile crash that resulted in the death of the Decedent.  At the time of the crash, Hartman had a blood alcohol content of .302.  Gonzalez sought damages for the wrongful death of the Decedent against Stoneybrook pursuant to Florida's reverse dram shop liability statute, codified at section 768.125, Florida Statutes (2014).  This statute provides, in pertinent part, that a vendor serving alcoholic beverages is not liable for damages resulting from a purchaser's intoxication unless the vendor serves the purchaser knowing that he or she is habitually addicted to alcohol.  Id.

Stoneybrook filed a motion for final summary judgment, contending that there was no competent evidence of record that Hartman was habitually addicted to alcohol or, if so, that Stoneybrook had any knowledge of his alleged addiction.  The trial court agreed and granted summary judgment.

Gonzalez had responded to the motion for summary judgment by filing the depositions of Hartman, a friend of Hartman named David Ziglar, and the relevant Stoneybrook employees.  The depositions established that Hartman had played golf at the club approximately seventy to eighty times over a three-year period prior to the crash.  Ziglar testified in his deposition that Hartman was intoxicated virtually each time they

2

played together at Stoneybrook. He added that Hartman normally started the day by drinking two strongly poured whiskey and Cokes in sixteen-ounce Styrofoam cups poured by bartenders who were familiar with Hartman. At the turn at the midpoint of the golf round, Hartman normally went to the Stoneybrook clubhouse and purchased another strongly poured sixteen-ounce whiskey and Coke and would often buy additional drinks from the "cart girl, a Stoneybrook employee." Ziglar testified that, on the day of the crash, Hartman had four such drinks, including approximately eight ounces of straight alcohol poured by the "cart girl" on the course. In addition, Gonzalez filed an affidavit from Dr. William Hearn, the former Laboratory Director of the Miami-Dade County Medical Examiner's Department, in which he opined that Hartman's blood alcohol content when he left Stoneybrook was over .27.

As this court previously noted in Evans v. McCabe 415, Inc., the Florida Supreme Court has found that under the habitual drunkard exception the plaintiff must present evidence that the vendor knew that the alcohol purchaser was a habitual drunkard. 168 So. 3d 238, 239 (Fla. 5th DCA 2015) (citing Ellis v. N.G.N. of Tampa, Inc., 586 So. 2d 1042, 1048 (Fla. 1991)). This knowledge element may be met by the presentation of sufficient circumstantial evidence. Ellis, 586 So. 2d at 1048-49 (citing Sabo v. Shamrock Commc'ns, Inc., 566 So. 2d 267, 269 (Fla. 5th DCA 1990), approved sub nom. Peoples Rest. v. Sabo, 591 So. 2d 907 (Fla. 1991)). As stated in Ellis, "serving an individual a substantial number of drinks on multiple occasions would be circumstantial evidence to be considered by the jury in determining whether the vendor knew that the person was a habitual drunkard." Id. at 1048.

3

Based on our review of the record, we conclude that Gonzalez offered sufficient evidence to raise a factual dispute not resolvable by summary judgment as to whether Hartman was habitually addicted to alcohol and, if so, whether Stoneybrook knew of his addiction. Therefore, we reverse the summary judgment and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.

ORFINGER and LAMBERT, JJ., concur.