POLEN, Judge.
Plaintiff-appellants Terje Persen and Elizabeth Dryhurst (personal representative of the Estate of Mette Valland) appeal the trial court’s final judgment of dismissal of claims for failure to state a cause of action against The Southland Corporation (“7-11”). The action arose out of an alcohol related automobile accident and 7-11’s alleged violation of section 768.125, Florida Statutes. We affirm.
Plaintiffs’ complaint alleges that, on September 2, 1990, Donald Preloh, intoxicated after consuming numerous alcoholic beverages, negligently operated his automobile, ran a red light and collided with the vehicle occupied by Persen and Valland. Valland was killed and Persen was seriously injured. At the time of the accident, Preloh’s blood alcohol level was .25. Prior to the accident, Preloh, noticeably drunk and intoxicated[1], went to the 7-11 store which is owned by appellee Southland. He purchased, at 7-11, a twelve-pack of beer in closed cans, which he took with him. Plaintiffs also allege that The Southland Corporation violated section 768.125, Florida Statutes (1991), when it sold and/or served alcohol to a habitual drunkard.[2]
The Southland Corporation (“7-11”) answered the complaint with a motion to dismiss on the grounds that it failed to state a cause of action. Southland argued that section 768.125 provides for liability for service of alcoholic beverages to adult, habitual drunkards by taverns or bars, but does not provide for liability for the sale of alcoholic beverages to such individuals by retail stores such as 7-11. The trial court granted the motion to dismiss and the plaintiffs appeal.
Section 768.125 states the general rule that a person who sells or furnishes alcoholic beverages to a person of lawful drinking age is exempt from liability, but it specifically provides two exceptions to this rule of no liability. It provides:
A person who sells or furnishes alcoholic beverages to a person of lawful drinking age shall not thereby become liable for injury or damage caused by or resulting from the intoxication of such person, except that a person who willfully and unlawfully sells or furnishes alcoholic beverages to a person who is not of lawful drinking age or who knowingly serves a person addicted to the use of any or all alcoholic beverages may become hable for injury or damage caused by or resulting from the intoxication of such minor or person (emphasis added).
At bar, Donald Preloh was of lawful drinking age, so the issue presented here involves the habitual drunkard exception. Appellants argue that section 768.125 is ambiguous with regard to the meaning of the term “serve” in the habitual drunkard exception. According to appellants, section 768.125 must be construed to encompass liability for any commercial transaction of liquor with the actual or constructive knowledge that the recipient is a habitual drunkard. We disagree.
The polestar of statutory construction is legislative intent. In Ellis v. N.G.N. of Tampa, Inc., 586 So.2d 1042 (Fla.1991), the court held that the intent of the legislature in enacting this statute was to limit the existing liability of liquor vendors. Id. (relying on Migliore v. Crown Liquors, Inc., 448 So.2d 978 (Fla.1984); Armstrong v. Munford, Inc., 451 So.2d 480 (Fla.1984); Forlaw v. Fitzer, 456 So.2d 432 (Fla.1984)).
Similarly, in Bankston v. Brennan, 507 So.2d 1385 (Fla.1987), the Florida Supreme Court has stated that the court is precluded from judicially expanding section 768.125 to create social host liability. The court explained that “vendor liability had been broadened by judicial decisions and the legislative response to that trend was to limit that liability.” Id. at 1386-87. The court reasoned, “[sjince the legislature has acted to *1230 limit the liability of vendors ... we cannot find social hosts more liable than the legislature has determined vendors should be.” Id. at 1388 (Barkett, J., concurring) (emphasis in original).
Applying this same logic at bar, we agree with appellee that this statute should not be judicially expanded to create a cause of action against retail vendors who sell closed containers of alcohol to an adult -with the understanding it will not be opened nor consumed on the vendors’ premises. Additionally, section 768.125 contains a clear distinction between one who “sells or furnishes” alcoholic beverages to a minor and one who “knowingly serves” a habitual drunkard. From the plain language of the statute, it is apparent that the legislature was specific in its choice of language when it used the term “sells or furnishes” in the minor exception. However, such language is conspicuously absent in the habitual drunkard exception; the legislature instead choosing to use “knowingly serves.” The plain language of the statute requires that the habitual drunkard be “served,” and we agree with appellee that the only definition of “serve” that is meaningful in this context is “to place food or beverage before.”
In the instant case, appellants rely on the language as articulated by the Ellis court, wherein the supreme court held that, under the habitual drunkard exception, “a plaintiff need only show that the vendor knowingly sold alcoholic beverages to a person who is a habitual drunkard.” Ellis, 586 So.2d at 1048. Appellants allege that the employees at 7-11 knew or should have known that Preloh was a habitual drunkard, from his having bought at least some alcohol there, on an almost daily basis for at least a year. It is undisputed that 7-11 sold Preloh a twelve-pack of Budweiser beer which he then took with him, to be consumed off the premises. However, this case is distinguishable from Ellis as well as the many other cases cited by appellants for the following reasons:
First, the Ellis court does refer to the defendant as a vendor. Granted, 7-11 is a vendor, too. However, in Ellis, the vendor was a bar, not a retail establishment. Furthermore, although many of the cases thus far have used the terminology of “vendor” and “selling alcohol” with respect to the habitual drunkard exception, all have involved bars or restaurants, not retail establishments.
Secondly, thus far no Florida court has ever ruled that section 768.125 is applicable to the sale to an adult of packaged alcoholic beverages intended for consumption off premises. By enacting section 768.125, the legislature limited liability for vendors and allowed only two exceptions neither of which apply to 7-11 in this instance. We decline to “broaden” the meaning of the statute.
Thus, we affirm the trial court’s dismissal for failure to state a cause of action. Nonetheless, we certify to the supreme court the following question as one of great public importance:
DOES SECTION 768.125, FLORIDA STATUTES, WHICH IMPOSES LIABILITY ON ONE WHO “KNOWINGLY SERVES” A HABITUAL DRUNKARD, APPLY TO A RETAIL SELLER WHO SELLS TO AN ADULT CLOSED CONTAINER ALCOHOLIC BEVERAGES FOR CONSUMPTION OFF PREMISES?
ANSTEAD and STEVENSON, JJ., concur.

. Testimony adduced at trial revealed that, on the day of the accident, Preloh, after leaving work, consumed at least six beers; then consumed at least five more beers at "Phil and Eddie's Bar"; after which he consumed at least two alcoholic mixed drinks at "the Blue Jay Lounge.” These two establishments were co-defendants below but are not involved in this appeal.

. Appellants point out that Preloh himself admitted he is an alcoholic and that, on one occasion, he drove his car, while drunk, through 7-11.