KOGAN, Justice.
We have for review Persen v. Southland Corp., 640 So.2d 1228 (Fla. 4th DCA 1994), wherein the following question was certified to be of great public importance:
DOES SECTION 768.125, FLORIDA STATUTES, WHICH IMPOSES LIABILITY ON ONE WHO “KNOWINGLY SERVES” A HABITUAL DRUNKARD, APPLY TO A RETAIL SELLER WHO SELLS TO AN ADULT CLOSED CONTAINER ALCOHOLIC BEVERAGES FOR CONSUMPTION OFF PREMISES?
Id. at 1230. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
The petitioners, Terje Persen and Elizabeth Dryhurst, personal representative of the Estate of Mette Valland, filed suit against the Southland Corporation, the owner of “7- *454 11,” seeking to recover for injuries suffered as a result of an alcohol related automobile accident that resulted in the death of Valland and serious injury to Persen. The issue here is whether Southland can be held liable, under section 768.125, Florida Statutes (1991), for allegedly selling a habitual drunkard a twelve-pack of beer that was to be consumed off the premises. Both the trial and the district courts concluded that it cannot. We agree.
Section 768.125, Florida Statutes (1991), provides:
Liability for injury or damage resulting from intoxication. — A person who sells or famishes alcoholic beverages to a person of lawful drinking age shall not thereby become liable for injury or damage caused by or resulting from the intoxication of such person, except that a person who willfully and unlawfully sells or furnishes alcoholic beverages to a person who is not of lawful drinking age or who knowingly serves a person habitually addicted to the use of any or all alcoholic beverages may become liable for injury or damage caused by or resulting from the intoxication of such minor or person.
(Emphasis added.) We have repeatedly recognized that this statute was enacted to limit the existing liability of liquor vendors, which had been broadened by judicial decision. Bankston v. Brennan, 507 So.2d 1385, 1386 (Fla.1987); Armstrong v. Munford, Inc., 451 So.2d 480, 481 (Fla.1984); Migliore v. Crown Liquors of Broward, Inc., 448 So.2d 978, 981 (Fla.1984). Section 768.125 limits liability by codifying the original common law rule absolving vendors of alcoholic beverages from liability and providing express exceptions where a vendor “willfully and unlawfully sells or furnishes” alcoholic beverages to one who is not of lawful drinking age or “knowingly serves” alcoholic beverages to a person habitually addicted to alcohol. Ellis v. N.G.N. of Tampa, Inc., 586 So.2d 1042, 1046 (Fla.1991). In this case, we are dealing with the habitual drunkard exception and must determine whether a retail establishment, such as a 7-11, that knowingly sells a habitual drunkard alcohol in a closed container to be consumed off the premises comes within the exception.
In applying the section 768.125 exceptions, we must look to the language of the statute as well as the provisions of the criminal statutes dealing with the sale of alcohol. Ellis, 586 So.2d at 1047. Under the statute’s minor exception, one who “willfully and unlawfully sells or furnishes” alcoholic beverages to a person who is not of lawful drinking age may be liable for injury caused by the intoxicated minor. The minor exception has been construed as mirroring liability under the criminal statute, section 562.11(l)(a), Florida Statutes (1993), which reads in pertinent part:
It is unlawful for any person to sell, give, serve, or permit to be served alcoholic beverages to a person under 21 years of age or to permit a person under 21 years of age to consume such beverages on the licensed premises.
Ellis, 586 So.2d at 1048.
In the original bill proposed by the House Committee on Regulated Industries and Licensing, the habitual drunkard exception would have applied in all cases where the criminal statute dealing with the subject was violated. Fla.H.R.Comm. on Reg.Indus. & Lie., PCB 19 (1980). Thus, any vendor who sold, gave away, disposed of, exchanged, or bartered any alcoholic beverage to a person addicted to alcohol after having been given written notice that the person was a habitual drunkard would have been subjected to civil liability for injury caused by the drunkard. § 562.50, Fla.Stat. (1991). However, the language tying civil liability to the criminal statute was deleted from the bill on the floor of the House. See Ellis, 586 So.2d at 1048 (citing Fla.H.R.Jour. 216, 224-25 (Reg.Sess. 1980)). As noted above, the law as ultimately passed subjects a vendor to civil liability for furnishing intoxicants to an adult only where the vendor “knowingly serves” alcoholic beverages to a person habitually addicted to alcohol.
In Ellis, we were asked to determine whether written notice as required under section 562.50 was a requisite to proving that a vendor “knowingly served” an habitual drunkard, as those terms are used in section 768.125. In light of the above legislative history and the fact that the legislature used *455 the word knowingly in the habitual drunkard exception rather than the word unlawfully as was used in the minor exception, we held that written notice was not a prerequisite to proving that a vendor knowingly served a habitual drunkard. 586 So.2d at 1048.
The defendants in Ellis were the owner and the operator of a bar where the plaintiffs adult son allegedly was served and consumed numerous alcoholic drinks prior to the accident causing his injury. Thus, although we used the generic terms “vendor” and “sells” throughout that opinion, we did not address the type of commercial establishment that may be subject to liability for “knowingly serving” a habitual drunkard. To answer this question we must consider the meaning of the word “serves,” as used in the statute.
Section 768.125 distinguishes between one who “willfully and unlawfully sells or furnishes” alcoholic beverages to a minor and one who “knowingly serves” alcoholic beverages to a habitual drunkard. We agree with the district court below that by distinguishing between one who “sells or furnishes” and one who “serves” the legislature intended the habitual drunkard exception to cover only vendors who “place food or drink before” a habitual drunkard, such as bars, taverns, or restaurants. 640 So.2d at 1230. It did not intend liability to be extended to vendors who sell alcoholic beverages in closed containers to adults for off-premises consumption. This construction is consistent with the legislature’s apparent decision that liability under the habitual drunkard exception not mirror liability under the criminal statute, which would extend liability to “[a]ny person who shall sell, give away, dispose of, exchange, or barter” any alcoholic beverage to a habitual drunkard. § 562.50.
Moreover, the petitioners cite to no decision holding a retail establishment, such as a 7-11, liable for selling alcoholic beverages in closed containers to an adult for off-premises consumption; and our research has revealed none. It therefore would be illogical to assume that a statute enacted to limit existing vendor liability would allow for liability where none previously had been recognized. Cf. Bankston, 507 So.2d at 1387 (illogical to assume that section 768.125 was enacted to limit vendor liability and create previously unrecognized cause of action against social host).
Based on the legislative intent to limit vendor liability, together with the distinct language used in each of the exceptions to the limitation on liability, the certified question must be answered in the negative. Accordingly, we approve the decision under review and hold that a retail establishment that sells an adult alcoholic beverages in closed containers to be consumed off the premises is not subject to liability under section 768.125.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, HARDING and WELLS, JJ., concur.
ANSTEAD, J., recused.