**Jesse A. WILLIAMS, Plaintiff,**

**v.**

**ANHEUSER–BUSCH, INC., Defendant.**

**No. 95–1620–CIV–T–17E.**

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 24, 1997.

Brian L. Weakland, Law Office of Brian L. Weakland, Tampa, FL, for plaintiff.

Marcia Morales Howard, Scott S. Cairns, McGuire, Woods, Battle & Boothe, Jacksonville, FL, Eva S. Tashjian–Brown, McGuire, Woods, Battle & Boothe, Richmond, VA, for defendant.

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, Chief Judge.

This action is before the Court on Defendant's motion for Summary Judgment, filed November 18, 1996 (Docket No. 20), Defendant's Memorandum in Support of Motion for

Summary Judgment (Docket No. 21), and Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, filed December 10, 1996 (Docket No. 31).

## FACTS

Plaintiff, Jesse A. Williams, alleges that Defendant, Anheuser–Busch, Inc., discharged him from employment in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, because he was a "qualified individual with a disability" under the ADA. Plaintiff also alleges that Defendant was negligent in providing him with free beer, which caused Plaintiff to incur damages including the loss of his employment, increased addiction to alcohol, and a loss of reputation in the community.

## Count I—ADA Claim

Plaintiff was employed with Defendant's brewery from September, 1990 to April, 1994. Plaintiff alleges that during this time he developed a problem with alcohol, and that Defendant was aware of his addiction because he notified Defendant of his attendance at alcohol and drug treatment programs on two (2) occasions. Plaintiff claims that Defendant's knowledge of his alcoholism made him a "qualified individual with a disability" under the ADA, 42 U.S.C. § 12102(2). Plaintiff further alleges that on April 14, 1994, Defendant wrongfully discharged him due to his alcoholism, and based on the pretext that he allegedly made disparaging remarks about Defendant's product to three (3) individuals.

In its memorandum in support of motion for summary judgment, Defendant denies that it terminated Plaintiff due to his alleged alcoholism. Defendant claims that its actions were legitimate and nondiscriminatory based on information it received from three (3) individuals who claimed that Plaintiff approached them in a tavern and informed them that he had "peed in the beer" at Defendant's brewery. These three (3) individuals claimed that Plaintiff showed them his Anheuser–Busch employee identification to verify his claims, and they were later able to identify Plaintiff as the person who made the remarks in the tavern. Based on its belief of these witness' statements and Plaintiff's inability to conclusively deny having made the remarks due to his intoxicated state, Defendant claims to have terminated Plaintiff for disparaging the company product, jeopardizing the consumers' faith in Anheuser–Busch products, and jeopardizing the livelihood of all other Tampa brewery employees.

## Count II—State Law Negligence Claim

Plaintiff also alleges that Defendant was negligent in providing him with free beer on a monthly basis, because Defendant was aware of his alcoholism. Plaintiff claims that Florida Statute section 768.125 gave rise to a duty on the part of Defendant to refrain from providing a known alcoholic with alcoholic beverages. In the time that Plaintiff was employed by Defendant, he was provided with up to four cases of beer per month; two (2) cases were required to be offered to employees covered by the collective bargaining agreement between Defendant and Local Union 388 of the Brewery and Soft Drink Workers Conference, and two (2) additional cases were offered by Defendant to employees with good safety records for the month. Because Defendant was allegedly aware of Plaintiff's alcoholism, Plaintiff claims that the monthly allowance of free beer was a breach of duty on the part of Defendant. Plaintiff further alleges that this breach of duty caused him injury.

In response to Plaintiff's negligence claim, Defendant alleges that there is no common law duty on the part of an employer to refrain from providing beer to employees of legal drinking age, that Plaintiff did not incur any injuries as a result of the beer provided by Defendant, and that Plaintiff's negligence claim is preempted by federal law (specifically, that the action requires interpretation of the collective bargaining agreement and is therefore covered by § 301 of the Labor Management Relations Act). In claiming that Plaintiff's negligence action is preempted by federal law, Defendant also claims that a § 301 claim is time-barred because § 301 is subject to a six (6) month of statute of limitations.

In his memorandum in opposition to Defendant's motion for summary judgment,

Plaintiff denies that his negligence claim is preempted by federal law. Plaintiff claims that the action does not require the court to interpret the collective bargaining agreement, and in fact concedes that Defendant was required to provide at least two (2) cases of beer per month under the terms of that agreement. Plaintiff clarifies that the fact that *four* (4) cases of free beer were offered each month during his employment is what created a negligent breach of duty on the part of the Defendant. Because there is no requirement of interpretation of the collective bargaining agreement, Plaintiff denies that his negligence claim is preempted by federal law.

## STANDARD OF REVIEW

This Circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the non-moving party. *Sweat v. Miller Brewing Co.,* 708 F.2d 655 (11th Cir.1983). Factual disputes preclude summary judgment.

In *Celotex Corp. v. Catrett,* the Supreme Court of the United States held:

> the plain language of [Fed.R.Civ.P.] 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

The Court also said, "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553. A dispute is genuine, and summary judgment inappropriate, if a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

## DISCUSSION

### COUNT I

The ADA prohibits discrimination by a covered employer against "a qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12112(a). Both this Court and the Eleventh Circuit Court of Appeals have refined the requirements for a plaintiff to establish a *prima facie* case of discrimination under the ADA; the plaintiff must show: (1) he has a disability; (2) he is a qualified individual; and, (3) he was discriminated against because of the disability. *See, e.g., Pritchard v. Southern Co. Services,* 92 F.3d 1130, 1132 (11th Cir. 1996); *Desai v. Tire Kingdom, Inc.,* 944 F.Supp. 876, 877 (M.D.Fla.1996); *Sawinski v. Bill Currie Ford,* 881 F.Supp. 1571, 1573 (M.D.Fla.1995).

As to the first element of Plaintiff's *prima facie* burden, disability is defined by the ADA as: "a physical or mental impairment that substantially limits one or more of the major life activities; . . . a record of such impairment; or . . . being regarded as having such impairment." 42 U.S.C. § 12102(2). Viewing the evidence in the light most favorable to the non-moving party, Plaintiff presents evidence that his addiction "has caused him to miss work, suffer numerous blackouts, and incur significant short term memory impairment" along with other alleged "major life activities." (Plaintiff's Memorandum in Opposition to Motion for Summary Judgment at 9). Plaintiff also supports these claims with the affidavit of Dr. Michael Sheehan, which attests to the severity of Plaintiff's addiction.

As was found by the Eleventh Circuit in *Pritchard,* evidence tending to indicate the presence of an impairment that limits life activities presents a "genuine issue of material fact" as to "whether those symptoms substantially limited a major life activity." *Pritchard,* 92 F.3d at 1134. Additionally, Plaintiff presented evidence which may show that Defendant "regarded" him as being disabled: the fact that he twice took a leave of absence to attend alcohol and drug rehabilitation treatment (Plaintiff's Memorandum at 3), and the fact that Plaintiff's

father testified in his deposition that the company acknowledged the need to "get some help" for Plaintiff. (Deposition of Homer Williams at 13–14). "Again, this evidence creates genuine issues of material fact as to whether [the plaintiff] was disabled under the ADA." *Pritchard,* 92 F.3d at 1134. Genuine issues of material fact preclude the entry of summary judgment because they are issues for the jury to decide.

■ The second element in showing a *prima facie* case under the ADA is easily disposed of: the fact that Plaintiff was employed by Defendant for approximately four (4) years, with only one, non-related incident where disciplinary action was brought against Plaintiff (Defendant's Answers to Plaintiff's Interrogatories, No. 9), shows that he was a "qualified individual." Defendant does not argue that Plaintiff was unqualified for the position from which he was fired.

■ The third element of Plaintiff's *prima facie* burden is not as clear. As evidence that he was discriminated against due to his "disability," Plaintiff makes the somewhat circular argument that: because Defendant was aware of Plaintiff's addiction, and because Defendant informed Plaintiff's father that it would fire Plaintiff unless he underwent an alcohol treatment program, this demonstrated Defendant's "clear intent to terminate plaintiff if he failed to bring his disability under control." (Plaintiff's Memorandum at 10). Although this argument seems tenuous, when viewed in the light most favorable to the plaintiff it is still sufficient to find a "genuine issue of material fact" as to discriminatory intent which should be left for the jury to decide.

■ Because Plaintiff has presented sufficient evidence to meet his *prima facie* burden of discrimination under the ADA, it would appear that summary judgment is precluded. However, under the general principles of employment discrimination law, if the employer can proffer a "legitimate, nondiscriminatory" reason for the termination, the burden shifts back to the plaintiff to show "by a preponderance of the evidence, sufficient factual proof that the proffered reason for the discharge was merely pretextual."

*Bush v. Barnett Bank of Pinellas County,* 916 F.Supp. 1244, 1253 (M.D.Fla.1996); *McDonnell Douglas v. Green,* 411 U.S. 792, 802–04, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1973) (establishing the burden shifting analysis in Title VII cases); *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 252–56, 101 S.Ct. 1089, 1093–95, 67 L.Ed.2d 207 (1981) (clarifying the burden shifting analysis); *accord Earley v. Champion International Corp.,* 907 F.2d 1077, 1084 n. 5 (11th Cir.1990) (finding that the plaintiffs "failed to show specific facts that could carry their burden of proof on the essential element of pretext"); *Grigsby v. Reynolds Metals Co.,* 821 F.2d 590, 596 (11th Cir.1987) (stating that "a plaintiff may not in all cases merely rest on the laurels of her prima facie case in the face of powerful justification evidence offered by the defendant").

■ In the present case, Defendant proffers a convincing nondiscriminatory justification for its termination of Plaintiff: the evidence that Plaintiff made disparaging, and potentially damaging, remarks about Defendant's products to three (3) individuals. (Defendant's Memorandum in Support of Motion for Summary Judgment at 1–2). Defendant supports this allegation with signed statements from the three (3) witnesses attesting to what was said by the Plaintiff. (Defendant's Deposition Exhibit No. 3). Additionally, both Anheuser–Busch's Plant Rule No. 7 (Plaintiff's Deposition Exhibit No. 6) regarding "immoral conduct" and Article 5 section 1 of the collective bargaining agreement (Defendant's Deposition Exhibit No. 4) (which acknowledges Defendant's right to terminate union employees for just cause), provide a nondiscriminatory basis for the termination of Plaintiff given Defendant's belief in the truth of the allegations regarding the disparaging remarks. The language of the ADA also supports Defendant's proffered justification, 42 U.S.C. § 12114(c)(4) states that a covered employer "may hold an employee who ... is an alcoholic to the same qualification standards for employment or job performance and behavior that such entity holds other employees, even if any unsatisfactory performance or behavior is related to the

drug use or alcoholism of such employee...."

■ In attempting to establish evidence of pretext, Plaintiff points to several facts: the witnesses to the alleged disparaging remarks were previously unknown to Defendant (and therefore should not have been believed by Defendant), Defendant allegedly offered a "reasonable accommodation" to Plaintiff, the alleged remarks did not in fact harm Defendant, and Defendant was aware of Plaintiff's addiction at the time of termination. (Plaintiff's Memorandum at 11). Although these facts were sufficient to assist in establishing Plaintiff's *prima facie* case, they do not represent evidence which controverts Defendant's proffered nondiscriminatory reason for the termination. "It is well-settled that bare allegations and unsupported legal conclusions do not show pretext or intentional discrimination." *Bush*, 916 F.Supp. at 1254 (citing *Grigsby*, 821 F.2d at 597). In fact, Plaintiff can provide no evidence to controvert Defendant's direct evidence regarding the disparaging remarks: Plaintiff admits to being in the tavern on the evening in question, but concedes that he "blacked out" and cannot remember the events. (Plaintiff's Deposition at 135–36). Additionally, Plaintiff concedes that the allegations of his conduct, if true, would result in the termination of any employee, alcoholic or not. (Plaintiff's Deposition at 170–73).

■ In *McDonnell Douglas* the Supreme Court gave examples of circumstantial evidence that would tend to show pretext in a Title VII race discrimination case, including: (1) that similarly situated white employees were treated differently in the same circumstances; (2) facts as to the employer's treatment of the plaintiff during employment; and (3) the employer's "general policy and practice with respect to minority employment." *McDonnell Douglas*, 411 U.S. at 804–05, 93 S.Ct. at 1825. Reasoning by analogy, if Plaintiff had presented any circumstantial evidence that Defendant treated other "similarly situated" alcoholic employees in a different manner (i.e. failing to provide reasonable accommodations), that Plaintiff was treated in a discriminatory manner during his employment, or that Defendant had a general practice or policy of discriminating against alcoholic employees, then he would have met the burden of showing pretext by a preponderance of the evidence. But Plaintiff did not allege or present any such circumstantial evidence of disparate treatment. Considering the pleadings, affidavits, depositions and answers to interrogatories in the light most favorable to Plaintiff, this Court still finds that Plaintiff has failed to establish sufficient evidence of pretext.

Because Plaintiff has failed to meet his burden, which would require showing by a preponderance of the evidence that Defendant's proffered justification for the termination was mere pretext, this Court will grant Defendant's motion for summary judgment on Count I of Plaintiff's complaint.

## COUNT II

■ As stated above, Count II of Plaintiff's complaint alleges a state-law negligence claim. In light of the fact that Defendant's Motion for Summary Judgment as to the federal ADA claim is granted, this Court does not have jurisdiction over the negligence cause of action.

■ However, the negligence claim would have failed regardless of the Court's lack of jurisdiction. In regard to the two (2) cases of beer that Defendant was required by the collective bargaining agreement to offer to all union employees on a monthly basis, this Court would have found that the negligence claim was preempted by § 301 of the Labor Management Relations Act. As the Supreme Court found in *Allis–Chalmers v. Lueck:*

> [T]he pre-emptive effect of § 301 must extend beyond suits alleging contract violations.... Thus, questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort. *Allis–Chalmers*, 471 U.S. 202, 210–11, 105 S.Ct. 1904, 1911, 85 L.Ed.2d 206 (1985).

Because Plaintiff's negligence claim as to the first two (2) free cases of beer would be preempted as a federal § 301 claim, it would be time-barred due to the decision in *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). In *DelCostello*, the Supreme Court held that § 301 suits are subject to the same six-month statute of limitations as § 10(b) suits under the National Labor Relations Act. *DelCostello*, 462 U.S. at 152, 103 S.Ct. at 2284. The alleged negligence occurred while Plaintiff was employed by Defendant from 1990 until April, 1994 and Plaintiff filed his initial complaint in September, 1995. This is clearly over the six-month limitation set by *DelCostello*.

As to the additional two (2) cases of free beer provided by Defendant to employees with good safety records for the month, Plaintiff attempts to establish a duty under Florida Statutes section 768.125. The statute in question is commonly referred to as a "dramshop" statute, and was intended to limit the liability of vendors of alcohol. *Persen v. Southland Corp.*, 656 So.2d 453, 454 (Fla.1995). The statute establishes that persons who sell or furnish alcoholic beverages to persons of lawful drinking age will not be liable for damage caused by the intoxication of that person "except that a person who ... knowingly serves a person habitually addicted to the use of any or all alcoholic beverages may become liable for injury or damage caused by or resulting from the intoxication of such ... person." The Florida Supreme Court has clearly established that this statutory language does not extend to vendors who sell alcoholic beverages in closed containers for consumption on other premises. *Persen*, 656 So.2d at 455. "[T]he legislature intended the habitual drunkard exception to cover only vendors who 'place food or drink before' a habitual drunkard, such as bars, taverns, or restaurants." *Id.*

Even if the Defendant in the case at bar were to be considered a vendor covered by this dramshop statute, it is clear that Defendant did not "place food or drink before" the Plaintiff. While Defendant is not a vendor in regards to its relationship with Plaintiff, the best application of the Florida

Supreme Court's interpretation of the statutory language would be to analogize Defendant's role to "a vendor who sells or furnishes alcoholic beverages in closed containers for consumption on other premises." Thus, the Florida Statute invoked by Plaintiff does not give rise to a duty on the part of Defendant, and there is no other support for Plaintiff's negligence claim. Accordingly, it is

**ORDERED** that Defendant's motion for summary judgment (Docket No. 20) be **granted** and the Clerk of Court be **directed** to enter judgment for the defendant.